# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

David E. Patton
*Executive Director
and Attorney-in-Chief*

September 21, 2016

Honorable Gabriel Gorenstein
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  **United States v. Ahmad Khan Rahami**, 16 Mag. 6009 (GWG)

Dear Judge Gorenstein:

I write in response to the Government's letter asserting that Mr. Rahami need not be presented or appointed counsel by this Court because he is in state custody in New Jersey.

Mr. Rahami was arrested more than 48 hours ago. His bail in New Jersey was set without any appointment of counsel or court appearance. He still has not been provided counsel. He does not have a scheduled court appearance in New Jersey until next week. Yesterday, the U.S. Attorney's Office for the Southern District of New York filed a formal complaint against Mr. Rahami in this Court charging him with federal crimes. It is undisputed that federal law enforcement are involved in detaining and questioning him.

The Southern District of New York Plan for Furnishing Representation Pursuant to the Criminal Justice Act requires that:

> Counsel should be provided to eligible persons pursuant to this Plan as soon as feasible after they are taken into custody, when they appear before a committing magistrate judge or district judge, when they are formally charged <u>or</u> when they otherwise become entitled to counsel under the Criminal Justice Act, whichever occurs earliest.

*See* SDNY CJA Plan, VII, A ("Necessity of Prompt Provision of Counsel"). The Criminal Justice Act provides that formal appointment of counsel "may be made retroactive to include any representation furnished pursuant to the [local] Plan prior to appointment." *See* 18 U.S.C. § 3006A (b).

From discussions with Mr. Rahami's former public defender in New Jersey, who recently represented him on a previous case, I understand that Mr. Rahami cannot afford an attorney. The prior appointment required a determination that Mr. Rahami was an "indigent defendant," *i.e.*, "a person ... who does not have the present financial ability to secure competent legal representation ... and to provide all other necessary expenses of representation." N.J. Stat. Ann. § 2A:158A-2. *See also id.* §§ 2A-158A-5 (assigning to public defender the duty to represent "any indigent

defendant"); 2A-158A-15.1 (providing for judicial investigation of indigent defendant's financial status). If this Court requires further assurance of Mr. Rahami's indigence, the answer, of course, is to permit this Office to meet with him and prepare a financial affidavit, per the usual practice in this District.

For this reason and pursuant to the applicable provisions of the Criminal Justice Act and SDNY Plan, last night and again this morning, my office informed the U.S. Attorney's Office that we were representing Mr. Rahami. We also wrote to the Court last night seeking a formal presentment pursuant to Rule 5.

Rule 5 requires an initial appearance "without unnecessary delay before a magistrate judge, or before a state or local judicial officer as Rule 5(c) provides, unless a statute provides otherwise." *See* Rule 5(a)(1)(A). Rule 5(c) in turn sets forth various procedures for the presentment depending on whether the defendant is arrested in or out of the district where the office was allegedly committed.

Rule 5(c) uses the term "arrest" and makes no distinction between federal and state arrest, nor is there any discussion of such a distinction anywhere else in Rule 5. Under the procedures provided by Rule 5, Mr. Rahami must be presented either in New Jersey, or in this Court, either in person or by video teleconference "without unnecessary delay." *See* Rule 5(c)(2)(providing for an initial appearance in the district where the defendant was arrested or in "an adjacent district"); Rule 5(f)(providing for appearance by video teleconference).

Regardless of whether the Court finds that an initial appearance should be set, the Court should formally appoint counsel consistent with Mr. Rahami's rights under the CJA and the Sixth Amendment. In a similar scenario in the Central District of California, the Magistrate Judge appointed counsel where the defendant was in a hospital recovering from gunshot wounds, citing to language in that Court's CJA Plan virtually identical to the language in the SDNY CJA Plan. *See United States v. Ciancia*, 13-Mag-2894 (2013) (Order attached). There the Court found that under all the circumstances, "the appointment of the Office of the Federal Public Defender to represent Defendant is appropriate." *Id.*

The cases cited by the Government are inapposite to this case. In *United States v. Ghailani*, 751 F.Supp.2d 515 (S.D.N.Y. 2010) Judge Kaplan rejected the defendant's motion to dismiss the indictment based on Speedy Trial claims relating to his five-year detention by the CIA and the military before his appearance in federal court. In so doing, however, the Court engaged in an extensive analysis of Ghailani's status as an "enemy combatant," the details of how the determination of his status was made, the purpose of his CIA and military detention, and the particulars of the interrogation. Importantly, the Court held that the Speedy Trial Clause of the Constitution applied to Ghailani. The Court found only that under the particular circumstances of Ghailani's detention, it had not been violated. Here, Mr. Rahami is in the United States, he has been charged in a criminal complaint, and there is no assertion that he is an "enemy combatant."

Similarly inapplicable are cases like *United States v. Adel Abdel Bary*, 98 Cr. 1023 (LAK) and *United States v. Khalid al Fawwaz*, 98 Cr. 1023 (LAK), where applications were made by private attorneys who asked to be appointed to defendants in the midst of extradition proceedings from the United Kingdom. The defendants were not in the United States, not in United States

custody, and were engaged in an open and transparent process of determining whether they would be brought to the United States.

      Here, Mr. Rahami has been provided no counsel despite formal charges being lodged against him -- in New Jersey state court over two days ago and in this Court 24 hours ago.

      For these reasons, I ask the Court to set the matter for an initial appearance or in the alternative appoint counsel until such time as the appearance can be scheduled. Lastly, if the Court is not inclined to rule on the submissions, I ask the Court to schedule a conference for argument.

                                Respectfully submitted,

                                /s
                                David E. Patton
                                Executive Director
                                Federal Defenders of New York

cc: A.U.S.As Bove, Crowley, DeFilippis, Lewin